UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADANS FOR SOUND GOVERNMENT, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 2:05-CV-00844-PMP-GWF<br>) |
| STATE OF NEVADA, et al., | ) O R D E R<br>) |
| Defendants. | )<br>) |

Presently before the Court is Plaintiffs' Motion for Clarification on Judgment, Motion for Denial of Request for Costs, and Motion for Stay on Appeal (Doc. #79, re-docketed at Doc. #87), filed on January 16, 2007. Defendants Amy Newman and J. Hobensack filed an Opposition (Doc. #85) on January 29, 2007. Defendants Regional Transportation Commission and Barry Schiller filed an Opposition (Doc. #86) on January 29, 2007. Also before the Court is the parties' Stipulation (Doc. #88), filed on January 30, 2007.

**I.   BACKGROUND**

Plaintiff Nevadans for Sound Government ("NSG") is a coalition of groups who joined together to support two petition initiatives aimed at reducing taxes and prohibiting Nevada executive branch employees from serving in the state assembly. (Second Am. Compl. [Doc. #9] at 1.) Plaintiff George Harris ("Harris") is the chairman of NSG. (Id. at 2.) Plaintiffs Christopher Hansen ("Hansen"), Zachary Triggs ("Triggs"), and Janine Hansen Hawkins ("Hawkins") are members of NSG. (Id.) Defendants are the Regional

1  Transportation Commission ("RTC"), RTC employee Barry Schiller ("Schiller"), and Reno
2  police officers Amy Newman ("Newman") and J. Hobensack ("Hobensack").  (Id.)
3         From late 2003 to June 2004, NSG gathered signatures at various locations in the
4  State of Nevada for the two measures to be placed on the November 2004 ballot.  (Pls.'
5  Mot. for Summ. J. as to Liability Relating to Defs. RTC, DMV & Reno Police Officers
6  [Doc. #33, "Pls.' MSJ"], Ex. 1 at 9; Ex. 5, Janine Hansen Hawkins Aff. ("Hawkins Aff.") at
7  1.)  In May 2004, Plaintiff Hawkins received reports from two NSG petitioners that
8  officials at the CitiCenter bus terminal in Reno were making the petitioners leave unless
9  they had a permit.  (Hawkins Aff. at 1.)   In response to this information, Hawkins
10 contacted Stan Peck ("Peck"), Defendant RTC's chief legal counsel.  (Id.)  Hawkins
11 advised Peck that the RTC could expect NSG petitioners within the bus station from that
12 day forward until June 15, 2004.  (Id.)  Peck advised Hawkins that NSG would have to
13 comply with the RTC's policies on petitioning requiring three days advance notice and
14 would have to sign the RTC's request form prior to attempting to gather signatures.  (Id.)
15 Peck thereafter sent a letter to Hawkins, stating the law allowed the RTC to impose
16 reasonable time, place, and manner restrictions on petitioning activities, and enclosing the
17 RTC's "Guidelines for Petition Signature Gatherers" and a request form.  (Pls.' MSJ, Ex.
18 6.)
19         Believing the RTC policy violated both the United States and Nevada
20 Constitutions and Nevada Revised Statute § 293.127565, Hawkins decided to collect
21 signatures at the bus station without signing the request form.  (Hawkins Aff. at 2.)
22 Hawkins and her son, Plaintiff Triggs, went to the bus station and began to collect
23 signatures.  (Id.)  Shortly after their arrival, RTC employee Defendant Schiller and two
24 security guards approached Hawkins and Triggs and told them they could not petition in the
25 bus station absent complying with RTC's Guidelines and must leave.  (Id.)  Hawkins
26 advised Schiller that she had read the RTC's policy and believed it violated Nevada state

law. (Id.) Hawkins told Schiller she and Triggs would continue to gather signatures at the bus station, which they did until the police arrived. (Id.) After some discussion with Schiller, Hawkins, and Triggs, Defendant Officers Newman and Hobensack arrested Hawkins and Triggs for trespass when they refused to cease petitioning on the property. (Hawkins Aff. at 3; Pls.' MSJ, Exs. 7 & 8.)

Plaintiffs initially brought this suit in Nevada state court on a motion for temporary restraining order and preliminary injunction, asserting Defendant RTC's conduct obstructed Plaintiffs' signature gathering efforts at the bus station in violation of the First Amendment to the United States Constitution, the Ninth Amendment to the Nevada Constitution, and Nevada Revised Statute § 293.127565. (Notice of Removal [Doc. #1], Am. Compl.) The state district court found Plaintiffs had demonstrated a likelihood of success on the merits and entered an injunction. (Pls.' MSJ, Ex. 1.)

Defendant RTC appealed to the Nevada Supreme Court.[1] (Pls.' MSJ, Ex. 2.) The Nevada Supreme Court held the RTC did not violate Plaintiffs' federal and state constitutional rights because the CitiCenter bus station is a limited public forum and the RTC's Guidelines constituted reasonable time, place, and manner restrictions reasonably related to legitimate governmental concerns regarding safety and efficiency of operations. (Id. at 12-19.) However, the Nevada Supreme Court ruled RTC's Guidelines violated Nevada Revised Statute § 293.127565. (Id. at 21-22.)

///
///

---

[1] Defendants Newman, Hobensack, and Schiller were not Defendants in this action at the time of the appeal to the Nevada Supreme Court. Additionally, Defendant University and Community College System of Nevada initially was a Defendant in this action and participated in the appeal to the Nevada Supreme Court, but no longer is a party in this suit. Defendant DMV was a defendant in this action at the time of the injunction but did not appeal the district court's ruling to the Nevada Supreme Court.

3

1    After the Nevada Supreme Court issued its opinion, Plaintiffs moved to amend
2 their Complaint to add claims and name additional plaintiffs and defendants. (Notice of
3 Removal, Mot. to Am.) The Nevada state district court granted the motion, and Plaintiffs
4 filed their Second Amended Complaint adding several federal causes of action, adding
5 Plaintiffs Hawkins, Triggs, and Hansen, and adding Defendants Schiller, Newman, and
6 Hobensack. (Second Am. Compl.) Defendants thereafter removed the action to this Court.
7 (Notice of Removal.)
8    The parties cross-moved for summary judgment on all of Plaintiffs' claims. The
9 Court granted Defendants' motions for summary judgment and entered Judgment in favor
10 of Defendants and against Plaintiffs. (Order [Doc. #74]; J. [Doc. #77].) Defendants RTC
11 and Schiller filed a bill of costs (Doc. #76). Defendants Newman and Hobensack also filed
12 a bill of costs (Doc. #78).
13    Plaintiffs now move for clarification of the Court's judgment, contending the
14 Court should clarify that judgment is entered only against Plaintiffs Hawkins, Triggs, and
15 NSG. Plaintiffs assert judgment erroneously was entered as to Plaintiffs Hansen and Harris
16 because Hansen had no claims against these Defendants and Harris sued only in his capacity
17 as NSG's representative. The parties have stipulated to this clarification, and the Court
18 therefore will grant the stipulation.
19    Plaintiffs object to Defendants' bills of costs, contending Defendants were not
20 prevailing parties because Plaintiffs obtained injunctive relief in the state court before
21 Defendants removed the action to this Court. Plaintiffs also request a stay on paying costs
22 pending appeal with no bond or a reduced bond.
23    Defendants Newman and Hobensack respond they were not parties to the action
24 when Plaintiffs obtained the preliminary injunction, and they are not agents of RTC, thus
25 any finding by the state court that RTC violated the statute does not extend to Defendants
26 Newman and Hobensack. They also argue Plaintiffs are not entitled to a stay pending

appeal, as Plaintiffs provide no reason for a stay absent a bond.

Defendants RTC and Schiller respond Plaintiffs prevailed in a separate action in state court but Defendants RTC and Schiller prevailed on Plaintiffs' Second Amended Complaint in this Court. Defendants state their bill of costs reflects only costs incurred upon removal to this Court. As for the stay, Defendants argue Plaintiffs have provided the Court with no basis for a stay or for waiving a bond.

**II.        BILLS OF COSTS**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court should allow costs other than attorneys' fees "as of course to the prevailing party unless the court otherwise directs . . . ." The Rule creates a strong presumption in favor of awarding costs to the prevailing party. Miles v. State of Cal., 320 F.3d 986, 988 (9th Cir. 2003). A "'party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (quoting d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir. 1977)). If the judgment is mixed in that the plaintiff prevailed on some claims and the defendant prevailed on others, the Court has the discretion to require the parties to bear their own costs. Id.

Because Rule 54(d) presumes the Court will award costs to the prevailing party, the Court must specify reasons for denying costs. Miles, 320 F.3d at 988. Factors that may support denying costs include the losing party's limited financial resources, the prevailing party's misconduct, the chilling effect of imposing costs on future civil rights litigants, the difficulty and closeness of the issues, the substance of the prevailing party's recovery, the losing party's good faith, and whether the case raised issues of national importance. Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). The losing party bears the burden of showing why the Court should not award costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

///

1    Defendants Newman, Hobensack, and Schiller are entitled to costs as prevailing
2 parties. Plaintiffs did not name these parties as defendants until after Plaintiffs obtained
3 injunctive relief in state court and a favorable ruling from the Nevada Supreme Court.
4 These Defendants prevailed in full as to all Plaintiffs' claims against them. Plaintiffs'
5 successful efforts at obtaining relief against another defendant before these individuals were
6 parties to the action does not undermine the individual Defendants' status as prevailing
7 parties.
8    As to Defendant RTC, however, the Court will deny costs. Although RTC
9 contends Plaintiffs prevailed on injunctive relief in state court in a separate proceeding, in
10 fact Plaintiffs obtained the injunctive relief and the favorable Nevada Supreme Court ruling
11 in this action on the Amended Complaint. Accordingly, the results in this action were
12 mixed, with Plaintiffs prevailing on their claim for injunctive relief in the Amended
13 Complaint and Defendant RTC prevailing on the alleged constitutional violations and state
14 law claims in the Second Amended Complaint. Because the results in this action were
15 mixed, the Court, in its discretion, concludes Plaintiffs and Defendant RTC should bear
16 their own costs.
17    Other factors support the denial of costs to Defendant RTC in this case. The
18 Nevada Supreme Court found RTC violated a state law and, in practical terms, RTC's
19 conduct obstructed Plaintiffs' ability to collect petition signatures. Imposing costs where
20 the defendant was found to violate a state law impacting constitutionally protected
21 activities, even though such conduct did not to rise to the level of a constitutional violation
22 in this particular case, may chill future civil rights litigants. Additionally, Plaintiffs litigated
23 in good faith and raised issues of importance to Nevada state law surrounding signature
24 gathering for petitions. The Court, in its discretion, therefore will deny costs to Defendant
25 RTC. Because Defendants RTC and Schiller filed a joint bill of costs, Defendant Schiller
26 shall file an amended bill of costs reflecting his costs within ten days of the date of this

6

Order.

**III.   STAY**

Plaintiffs move for a stay of payment of costs pending appeal and request the Court impose either no bond or a minimal bond. Defendants contend Plaintiffs have articulated no basis to stay pending appeal nor have they justified not imposing a bond.

Pursuant to Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay pending appeal by giving a supersedeas bond. The stay is effective when the Court approves the supersedeas bond. Id. Plaintiffs have offered no basis for a stay pending appeal or for a stay without a bond. The Court therefore will deny Plaintiffs' motion. However, to the extent Plaintiffs seek a stay upon appeal supported by a supersedeas bond, the Court will grant Plaintiffs fifteen days from the date Defendant Schiller files his amended bill of costs within which to file a supersedeas bond. No stay upon the supersedeas bond shall be effective unless and until the Court approves the bond.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Clarification on Judgment, Motion for Denial of Request for Costs, and Motion for Stay on Appeal (Doc. #79, re-docketed at Doc. #87) is hereby GRANTED in part and DENIED in part. The motion is granted in that the Court will clarify the Judgment to reflect Judgment is entered against only Plaintiffs Hawkins, Triggs, and NSG. The motion also is granted as to Plaintiffs' objections to Defendant RTC's bill of costs. The motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Defendant RTC's bill of costs (Doc. #76) is hereby DENIED.

IT IS FURTHER ORDERED that Defendant Barry Schiller shall file an amended bill of costs reflecting his costs within ten (10) days of the date of this Order.

///

7

IT IS FURTHER ORDERED that Plaintiffs have fifteen (15) days from the date Defendant Schiller files an amended bill of costs to file a supersedeas bond if Plaintiffs continue to seek a stay pending appeal.

IT IS FURTHER ORDERED that the parties' Stipulation (Doc. #88) is hereby GRANTED.

DATED: April 19, 2007.

_____
PHILIP M. PRO
United States District Judge